106.    The Hawaii False Claims Act, Haw. Rev. Stat. § 661-21(a)(1), specifically provides, in part, that any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of the State a false or fraudulent claim for payment or approval;

. . .

shall be liable to the State for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages that the State sustains due to the act of that person.

107.    Defendant knowingly presented or caused to be presented to the Hawaii Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of Haw. Rev. Stat. § 661-21(a)(1).

108.    The State of Hawaii paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Hawaii, because of these acts by the Defendant.

## COUNT TWENTY ONE
## VIOLATIONS OF THE HAWAII FCA
## Haw. Rev. Stat. § 661-21(a)(2)

109.    Relator restates and realleges the allegations contained in Paragraphs 1-108 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

110.    The Hawaii False Claims Act, Haw. Rev. Stat. § 661-21(a)(2), specifically provides, in part, that any person who:

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

- 31 -

. . .

shall be liable to the State for a civil penalty of not less than $5,000 and not more than
$10,000, plus three times the amount of damages that the State sustains due to the act of
that person.

111.     Defendant knowingly made, used and caused to be made, used, and caused to be
made and used, false records and statements to get false and fraudulent claims paid and approved
by the State of Hawaii, in violation of Haw. Rev. Stat. § 661-21(a)(2).

112.     The State of Hawaii paid said claims and has sustained damages, to the extent of
its portion of Medicaid losses from Medicaid claims filed in Hawaii, because of these acts by the
Defendant.

## COUNT TWENTY TWO
## VIOLATIONS OF THE HAWAII FCA
### Haw. Rev. Stat. § 661-21(a)(3)

113.     Relator restates and realleges the allegations contained in Paragraphs 1-112 above
as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

114.     The Hawaii False Claims Act, Haw. Rev. Stat. § 661-21(a)(3), specifically
provides, in part, that any person who:

(3) Conspires to defraud the State by getting a false or fraudulent claim allowed or paid.

. . .

shall be liable to the State for a civil penalty of not less than $5,000 and not more than
$10,000, plus three times the amount of damages that the State sustains due to the act of
that person.

115.     Defendant conspired to defraud the State of Hawaii by getting false and
fraudulent claims allowed and paid, in violation of Haw. Rev. Stat. § 661-21(a)(3).

116. The State of Hawaii paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Hawaii, because of these acts by the Defendant.

### COUNT TWENTY THREE
### VIOLATIONS OF THE HAWAII FCA
### Haw. Rev. Stat. § 661-21(a)(7)

117. Relator restates and realleges the allegations contained in Paragraphs 1-116 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

118. The Hawaii False Claims Act, Haw. Rev. Stat. § 661-21(a)(7), specifically provides, in part, that any person who:

> (3) Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state.

> . . .

> shall be liable to the State for a civil penalty of not less than \$5,000 and not more than \$10,000, plus three times the amount of damages that the State sustains due to the act of that person.

119. Defendant knowingly made, used or caused to be made or used a false record or statement to conceal their actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid, in violation of Haw. Rev. Stat. § 661-21(a)(7).

120. The State of Hawaii paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Hawaii, because of these acts by the Defendant.

### COUNT TWENTY FOUR
### VIOLATIONS OF THE ILLINOIS
### WHISTLEBLOWERREWARD AND PROTECTION ACT
### 740 Ill. Comp. Stat. § 175/3 (a)(1)

121.    Relator restates and realleges the allegations contained in Paragraphs 1-120 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

122.    The Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/3(a)(1), specifically provides, in part, that any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the State or member of the Guard a false or fraudulent claim for payment or approval;

. . .

is liable to the State for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the State sustains because of the act of that person.

123.    Defendant knowingly caused to be presented to the Illinois Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of 740 Ill. Comp. Stat. § 175/3(a)(1).

124.    The State of Illinois paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Illinois, because of these acts by the Defendant.

### COUNT TWENTY FIVE
### VIOLATIONS OF THE ILLINOIS
### WHISTLEBLOWER REWARD AND PROTECTION ACT
### 740 Ill. Comp. Stat. § 175/3(a)(2)

125.    Relator restates and realleges the allegations contained in Paragraphs 1-124 above as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

126.    The Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/3(a)(2), specifically provides, in part, that any person who:

> (2) knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;
>
> . . .
>
> is liable to the State for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the State sustains because of the act of that person.

127.    Defendant knowingly made, used and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the State of Illinois, in violation of 740 Ill. Comp. Stat. § 175/3(a)(2).

128.    The State of Illinois paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Illinois, because of these acts by the Defendant.

## COUNT TWENTY SIX
## VIOLATIONS OF THE ILLINOIS
## WHISTLEBLOWER REWARD AND PROTECTION ACT
## 740 Ill. Comp. Stat. § 175/3(a)(3)

129.    Relator restates and realleges the allegations contained in Paragraphs 1-128 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

130.    The Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/3(a)(3), specifically provides, in part, that any person who:

> (3) conspires to defraud the State by getting a false or fraudulent claim allowed or paid;
>
> . . .

- 35 -

is liable to the State for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the State sustains because of the act of that person.

131.    Defendant conspired to defraud the State of Illinois by getting false and fraudulent claims allowed and paid, in violation of 740 Ill. Comp. Stat. § 175/3(a)(3).

132.    The State of Illinois paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Illinois, because of these acts by the Defendant.

## COUNT TWENTY SEVEN
## VIOLATIONS OF THE ILLINOIS
## WHISTLEBLOWER REWARD AND PROTECTION ACT
## 740 Ill. Comp. Stat. § 175/3(a)(7)

133.    Relator restates and realleges the allegations contained in Paragraphs 1-132 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

134.    The Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/3(a)(7), specifically provides, in part, that any person who:

(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State

. . .

is liable to the State for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the State sustains because of the act of that person.

135.    Defendant knowingly made, used or caused to be made or used a false record or statement to conceal their actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay

the correct rebate amounts to Medicaid, in violation of 740 Ill. Comp. Stat. § 175/3(a)(7).

136.     The State of Illinois paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Illinois, because of these acts by the Defendant.

**COUNT TWENTY EIGHT**
**VIOLATIONS OF THE LOUISIANA FALSE CLAIMS ACT/MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW**
**46 La. Rev. Stat. c. 3 § 438.3A**

137.     Relator restates and realleges the allegations contained in Paragraphs 1-136 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

138.     The Louisiana False Claims Act/Medical Assistance Programs Integrity Law ("Louisiana FCA"), 46 La. Rev. Stat. c. 3 § 438.3A, specifically provides, in part, that: "No person shall knowingly present or cause to be presented a false or fraudulent claim".

139.     Defendant knowingly presented or caused to be presented to the Louisiana Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of 46 La. Rev. Stat. c. 3 § 438.3A.

140.     The State of Louisiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Louisiana, because of these acts by the Defendant.

**COUNT TWENTY NINE**
**VIOLATIONS OF THE LOUISIANA FALSE CLAIMS ACT/MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW**
**46 La. Rev. Stat. c. 3 § 438.3B**

141.     Relator restates and realleges the allegations contained in Paragraphs 1-140 above as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

142.   The Louisiana FCA, 46 La. Rev. Stat. c. 3 § 438.3B, specifically provides, in part,
that:

> No person shall knowingly engage in misrepresentation to obtain, or attempt to obtain,
> payment from medical assistance programs funds.

143.   Defendant knowingly engaged in misrepresentation and made, used and caused to
be made and used, false records and statements to obtain or attempt to obtain payment from or
get false and fraudulent claims paid and approved by the State of Illinois, in violation of 46 La.
Rev. Stat. c. 3 § 438.3B.

144.   The State of Louisiana paid said claims and has sustained damages, to the extent
of its portion of Medicaid losses from Medicaid claims filed in Louisiana, because of these acts
by the Defendant.

### COUNT THIRTY
### VIOLATIONS OF THE LOUISIANA FALSE CLAIMS ACT/MEDICAL ASSISTANCE
### PROGRAMS INTEGRITY LAW
### 46 La. Rev. Stat. c. 3 § 438.3C

145.   Relator restates and realleges the allegations contained in Paragraphs 1-144 above
as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

146.   The Louisiana FCA, 46 La. Rev. Stat. c. 3 § 438.3C, specifically provides, in part,
that:

> No person shall conspire to defraud, or attempt to defraud, the medical assistance
> programs through misrepresentation or by obtaining, or attempting to obtain, payment for
> a false or fraudulent claim.

147.   Defendant conspired to defraud the State of Louisiana by getting false and
fraudulent claims allowed and paid, in violation of 46 La. Rev. Stat. c. 3 § 438.3C.

148. The State of Louisiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Louisiana, because of these acts by the Defendant.

## COUNT THIRTY ONE
## VIOLATIONS OF THE LOUISIANA FALSE CLAIMS ACT/MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW
### 46 La. Rev. Stat. c. 3 § 438.2A(1)

149. Relator restates and realleges the allegations contained in Paragraphs 1-148 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

150. Louisiana FCA, 46 La. Rev. Stat. c. 3 § 438.2A(1), specifically provides that: No person shall solicit, receive, offer or pay any remuneration, including but not limited to kickbacks, bribes, rebates, or ... payments, directly or indirectly, overtly or covertly, in cash or in kind, for the following . ..

(1) In return for referring an individual to a health care provider, ...for the furnishing or arranging to furnish any good, supply, or service for which payment may be made, in whole or in part, under the medical assistance programs.

151. In addition, the Louisiana FCA, supra, section 438.3 provides that:

"No person shall knowingly present of cause to be presented a false or fraudulent claim...shall knowingly engage in misrepresentation to obtain, or attempt to obtain payment from medical assistance program funds...shall conspire to defraud, or attempt to defraud, the medical assistance programs... ."

152. Furthermore, the Louisiana FCA, supra, section 438.4 provides that:

"No person shall knowingly make, use or cause to be made or used a false, fictitious, or misleading statement on any form used for the purpose of certifying or qualifying any person for eligibility ... to receive any good, service, or supply under the medical assistance programs

- 39 -

which that person is not eligible to receive."

153.   Defendant solicited, received, offered and/or paid remuneration, including but not limited to kickbacks, bribes, and gifts, directly or indirectly, overtly or covertly, in cash or in kind, in return for prescribing or arranging the prescribing of drugs which are paid for by the Louisiana Medicaid program, in violation of 46 La. Rev. Stat. c. 3 § 438.2A(1).

154.   The State of Louisiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Louisiana, because of these acts by the Defendant.

## COUNT  THIRTY TWO
## VIOLATIONS OF THE MASSACHUSETTS FCA
### Mass. Gen. Laws Ch. 12, § 5B(1)

155.   Relator restates and realleges the allegations contained in Paragraphs 1- 154 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

156.   The Massachusetts False Claims Act, Mass. Gen. Laws Ch. 12, § 5B(1), specifically provides, in part, that any person who:

(1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

. . .

shall be liable to the commonwealth or political subdivision for a civil penalty of not less than $5,000 and not more than $10,000 per violation, plus three times the amount of damages, including consequential damages, that the commonwealth or political subdivision sustains because of the act of that person.

157.   Defendant knowingly presented or caused to be presented to the Massachusetts Medicaid program false and fraudulent claims for payment and approval, claims which failed to

- 40 -

disclose the material violations of the AKA and other laws, in violation of Mass. Gen. Laws Ch.

12, § 5B(1).

158.    The Commonwealth of Massachusetts paid said claims and has sustained

damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in

Massachusetts, because of these acts by the Defendant.

## COUNT THIRTY THREE
## VIOLATIONS OF THE MASSACHUSETTS FCA
## Mass. Gen. Laws Ch. 12, § 5B(2)

159.    Relator restates and realleges the allegations contained in Paragraphs 1-158 above

as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

160.    The Massachusetts False Claims Act, Mass. Gen. Laws Ch. 12, § 5B(2),

specifically provides, in part, that any person who:

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to

obtain payment or approval of a claim by the commonwealth or any political subdivision

thereof;

. . .

shall be liable to the commonwealth or political subdivision for a civil penalty of not less

than $5,000 and not more than $10,000 per violation, plus three times the amount of

damages, including consequential damages, that the commonwealth or political

subdivision sustains because of the act of that person.

161.    Defendant knowingly made, used and caused to be made and used, false records

and statements to obtain payment and approval of claim by the Commonwealth of

Massachusetts, in violation of Mass. Gen. Laws Ch. 12, § 5B(2).

162.    The Commonwealth of Massachusetts paid said claims and has sustained

damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in

Massachusetts, because of these acts by the Defendant.

## COUNT TWENTY FOUR
## VIOLATIONS OF THE MASSACHUSETTS FCA
### Mass. Gen. Laws Ch. 12, § 5B(3)

163. Relator restates and realleges the allegations contained in Paragraphs 1-162 above

as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

164. The Massachusetts False Claims Act, Mass. Gen. Laws Ch. 12, § 5B(3),

specifically provides, in part, that any person who:

(3) conspires to defraud the commonwealth or any political subdivision thereof through

the allowance or payment of a fraudulent claim;

. . .

shall be liable to the commonwealth or political subdivision for a civil penalty of not less

than $5,000 and not more than $10,000 per violation, plus three times the amount of

damages, including consequential damages, that the commonwealth or political

subdivision sustains because of the act of that person.

165. Defendant conspired to defraud the Commonwealth of Massachusetts through the

allowance and payment of fraudulent claims in violation of Mass. Gen. Laws Ch. 12, § 5B(3).

166. The Commonwealth of Massachusetts paid said claims and has sustained

damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in

Massachusetts, because of these acts by the Defendant.

## COUNT THIRTY FIVE
## VIOLATIONS OF THE MASSACHUSETTS FCA
### Mass. Gen. Laws Ch. 12, § 5B(8)

167. Relator restates and realleges the allegations contained in Paragraphs 1-166 above

- 42 -

as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

168.    The Massachusetts False Claims Act, Mass. Gen. Laws Ch. 12, § 5B(8),
specifically provides, in part, that any person who:

> (8) knowingly makes, uses, or causes to be made or used, a false record or statement to
> conceal, avoid, or decrease an obligation to pay or to transmit money or property to the
> commonwealth;
>
> . . .
>
> shall be liable to the commonwealth or political subdivision for a civil penalty of not less
> than $5,000 and not more than $10,000 per violation, plus three times the amount of
> damages, including consequential damages, that the commonwealth or political
> subdivision sustains because of the act of that person.

169.    Defendant knowingly made, used or caused to be made or used a false record or
statement to conceal their actions and to avoid or decrease an obligation to pay or transmit
money to the state, including without limitation, by failing to alert the state government or to pay
the correct rebate amounts to Medicaid, in violation of Mass. Gen. Laws Ch. 12, § 5B(8).

170.    The Commonwealth of Massachusetts paid said claims and has sustained
damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in
Massachusetts, because of these acts by the Defendant.

## COUNT THIRTY SIX
## VIOLATIONS OF THE NEVADA FCA
## Nev. Rev. Stat. § 357.040(1)(a)

171.    Relator restates and realleges the allegations contained in Paragraphs 1-170 above
as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

- 43 -

172.    The Nevada False Claims Act, Nev. Rev. Stat. § 357.040(1)(a), specifically provides, in part, that a person who:

With or without specific intent to defraud, does any of the following listed acts is liable to the state or a political subdivision, whichever is affected, for three times the amount of damages sustained by the state or political subdivision because of the act of that person, for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $2,000 or more than $10,000 for each act:

(a) Knowingly presents or causes to be presented a false claim for payment or approval.

173.    Defendant knowingly presented or caused to be presented to the Nevada Medicaid program false claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of Nev. Rev. Stat. § 357.040(1)(a).

174.    The State of Nevada paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Nevada, because of these acts by the Defendant.

## COUNT THIRTY SEVEN
## VIOLATIONS OF THE NEVADA FCA
### Nev. Rev. Stat. § 357.040(1)(b)

175.    Relator restates and realleges the allegations contained in Paragraphs 1-174 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

176.    The Nevada False Claims Act, Nev. Rev. Stat. § 357.040(1)(b), specifically provides, in part, that a person who:

With or without specific intent to defraud, does any of the following listed acts is liable to the state or a political subdivision, whichever is affected, for three times the amount of damages sustained by the state or political subdivision because of the act of that person,

- 44 -

for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $2,000 or more than $10,000 for each act:

. . .

(b) Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim.

177. Defendant knowingly made, used and caused to be made and used, false records and statements to obtain payment and approval of false claims, in violation of Nev. Rev. Stat. § 357.040(1)(b).

178. The State of Nevada paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Nevada, because of these acts by the Defendant.

## COUNT THIRTY EIGHT
## VIOLATIONS OF THE NEVADA FCA
### Nev. Rev. Stat. 357.040(1)(c)

179. Relator restates and realleges the allegations contained in Paragraphs 1-178 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

180. The Nevada False Claims Act, Nev. Rev. Stat. § 357.040(1)(c), specifically provides, in part, that a person who:

With or without specific intent to defraud, does any of the following listed acts is liable to the state or a political subdivision, whichever is affected, for three times the amount of damages sustained by the state or political subdivision because of the act of that person, for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $2,000 or more than $10,000 for each act:

. . .

- 45 -

(c) Conspires to defraud by obtaining allowance or payment of a false claim.

181.    Defendant conspired to defraud the Commonwealth of Massachusetts by obtaining allowance and payment of false claims, in violation of Nev. Rev. Stat. 357.040(1)(c).

182.    The State of Nevada paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Nevada, because of these acts by the Defendant.

## COUNT THIRTY NINE
## VIOLATIONS OF THE NEVADA FCA
## Nev. Rev. Stat. 357.040(1)(g)

183.    Relator restates and realleges the allegations contained in Paragraphs 1-182 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

184.    The Nevada False Claims Act, Nev. Rev. Stat. § 357.040(1)(g), specifically provides, in part, that a person who:

With or without specific intent to defraud, does any of the following listed acts is liable to the state or a political subdivision, whichever is affected, for three times the amount of damages sustained by the state or political subdivision because of the act of that person, for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $2,000 or more than $10,000 for each act:

. . .

(g) knowingly makes or uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state....

185.    Defendant knowingly made, used or caused to be made or used a false record or statement to conceal their actions and to avoid or decrease an obligation to pay or transmit

- 46 -

money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid, in violation of Nev. Rev. Stat. 357.040(1)(g).

186.    The State of Nevada paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Nevada, because of these acts by the Defendant.

## COUNT FORTY
## VIOLATIONS OF THE NEW MEXICO FCA
## N.M. LEGIS 49 (2004) CHAPTER 49

187.    Relator restates and realleges the allegations contained in Paragraphs 1- 186 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

188.    The New Mexico Medicaid False Claims Act, N.M. Legis 49 (2004) Chapter 4, specifically provides, in part, that by certain acts "a person commits an unlawful act and shall be liable to the state for three times the amount of damages that the state sustains because of the act if that person [including]:

4A. presents, or causes to be presented, to the state a claim for payment under the

Medicaid program knowing that such claims is false or fraudulent claim;

4B. presents, or causes to be presented, to the state a claim for payment under the

Medicaid program knowing that the person receiving a Medicaid benefit or payment is

not authorized or is not eligible for a benefit under the Medicaid program;

4C. makes, uses or causes to be made or used a record or statement to obtain a false or

fraudulent claim under the Medicaid program paid for or approved by the state knowing

such record or statement is false;

4D. conspires to defraud the state by getting a claim allowed or paid under the Medicaid

program knowing that such claim is false or fraudulent; [and/or]

4E. makes, uses, or causes to be made or used a record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state, relative to the Medicaid program, knowing that such record or statement is false...."

189.    Defendant knowingly violated these provisions of law by presenting or causing to be presented to the New Mexico Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws; it knowingly made, used or caused to be made or used a false record or statement to support such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid; and it conspired to defraud the state Medicaid program, all in violation of N.M. Legis 49 (2004) Chapter 4A-E.

190.    The State of New Mexico paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in New Mexico, because of these acts by the Defendant.

## COUNT FORTY ONE
## VIOLATIONS OF THE TENNESSEE MEDICAID FCA
### Tenn. Code Ann. § 71-5-182(a)(1)(A)

191.    Relator restates and realleges the allegations contained in Paragraphs 1-190 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

192.    The Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-182(a)(1)(A), specifically provides, in part, that any person who:

(A) Presents, or causes to be presented, to the state a claim for payment under the Medicaid program knowing such claim is false or fraudulent;

. . .

- 48 -

is liable to the state for a civil penalty of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), plus three (3) times the amount of damages which the state sustains because of the act of that person.

193.    Defendant knowingly presented or caused to be presented to the Tennessee Medicaid program claims for payment under the Medicaid program knowing such claims were false and fraudulent, claims which failed to disclose the material violations of the AKA and other laws, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(A).

194.    The State of Tennessee paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Tennessee, because of these acts by the Defendant.

## COUNT FORTY TWO
## VIOLATIONS OF THE TENNESSEE MEDICAID FCA
### Tenn. Code Ann. § 71-5-182(a)(1)(B)

195.    Relator restates and realleges the allegations contained in Paragraphs 1-194 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

196.    The Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-182(a)(1)(B), specifically provides, in part, that any person who:

(B) Makes, uses, or causes to made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

. . .

is liable to the state for a civil penalty of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), plus three (3) times the amount of damages which the state sustains because of the act of that person.

197.   Defendant made, used and caused to be made and used, records and statements to get false and fraudulent claims under the Medicaid program paid and approved by the State of Tennessee knowing such records and statements were false, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(B).

198.   The State of Tennessee paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Tennessee, because of these acts by the Defendant.

### COUNT FORTY THREE
### VIOLATIONS OF THE TENNESSEE MEDICAID FCA
### Tenn. Code Ann. § 71-5-182(a)(1)(C)

199.   Relator restates and realleges the allegations contained in Paragraphs 1-198 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

200.   The Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-182(a)(1)(C), specifically provides, in part, that any person who:

(C) Conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent;

. . .

is liable to the state for a civil penalty of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), plus three (3) times the amount of damages which the state sustains because of the act of that person.

201.   Defendant conspired to defraud the State of Tennessee by getting claims allowed and paid under the Medicaid program knowing such claims were false and fraudulent, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(C).

202.   The State of Tennessee paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in Tennessee, because of these acts
by the Defendant.

## COUNT FORTY FOUR
## VIOLATIONS OF THE TENNESSEE MEDICAID FCA
### Tenn. Code Ann. § 71-5-182(a)(1)(D)

203.   Relator restates and realleges the allegations contained in Paragraphs 1-202 above
as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

204.   The Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-
182(a)(1)(D), specifically provides, in part, that any person who:

(D) Makes, uses, or causes to be made or sued, a record or statement to conceal, avoid, or

decrease an obligation to pay or transmit money or property to the state, relative to the

Medicaid program knowing such record or statement is false;

. . .

is liable to the state for a civil penalty of not less than five thousand dollars ($5,000) and

not more than ten thousand dollars ($10,000), plus three (3) times the amount of damages

which the state sustains because of the act of that person.

205.   Defendant knowingly made, used or caused to be made or used a false record or
statement to conceal their actions and to avoid or decrease an obligation to pay or transmit
money to the state, including without limitation, by failing to alert the state government or to pay
the correct rebate amounts to Medicaid, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(D).

206.   The State of Tennessee paid said claims and has sustained damages, to the extent
of its portion of Medicaid losses from Medicaid claims filed in Tennessee, because of these acts
by the Defendant.

## COUNT FORTY FIVE
## VIOLATIONS OF THE TEXAS MEDICAID FRAUD PREVENTION LAW
### Tex. Hum. Res. Code § 36.002(1)-(2)

207.    Relator restates and realleges the allegations contained in Paragraphs 1-206 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

208.    The Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.001(1), specifically provides, in part, that a person commits an unlawful act if the person:

(1)  knowingly or intentionally makes or causes to be made a false statement or misrepresentation of a material fact:

(A)     on an application for a contract, benefit, or payment under the Medicaid program; or

(B) that is intended to be used to determine a person's eligibility for a benefit or payment under the Medicaid program.

209.    The Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.001(2)(B), specifically provides, in part, that a person commits an unlawful act if the person:

(2)  knowingly or intentionally conceals or fails to disclose an event: (B) to permit a person to receive a benefit or payment that is not authorized or that is greater than the payment or benefit that is authorized... ."

210.    Defendant knowingly and intentionally caused to be made false statements and misrepresentations of material facts on applications for payment under the Texas Medicaid program, claims which failed to disclose the material violations of the AKA and other laws, in violation of Tex. Hum. Res. Code § 36.002 (1)-(2).

211.    The State of Texas paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Texas, because of these acts by the

Defendant.

## COUNT FORTY SIX
## VIOLATIONS OF THE TEXAS MEDICAID FRAUD PREVENTION LAW
### Tex. Hum. Res. Code § 36.002(4)(B)

212. Relator restates and realleges the allegations contained in Paragraphs 1-211 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

213. The Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.002(4)(B), specifically provides, in part, that a person commits an unlawful act if the person:

(4) knowingly or intentionally makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning:

. . .

(B) Information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

214. Defendant by knowingly and intentionally causing to be made, inducing, and seeking to induce the making of false statements and misrepresentations of material facts concerning information required to be provided by state and federal law, rule, regulation and provider agreements pertaining to the Medicaid program, are in violation of Tex. Hum. Res. Code § 36.002(4)(B).

215. The State of Texas paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Texas, because of these acts by the Defendant.

## COUNT FORTY SEVEN
## VIOLATIONS OF TEXAS MEDICAID FRAUD PREVENTION LAW
### Tex. Hum. Res. Code § 36.002(5)

216. Relator restates and realleges the allegations contained in Paragraphs 1-215 above

as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

217.    The Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.002(5), specifically provides, in part, that a person commits an unlawful act if the person:

(5)    except as authorized under the Medicaid program, knowingly or intentionally charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or continued service to a Medicaid recipient if the cost of the service to the Medicaid recipient is paid for, in whole or in part, under the Medicaid program . . . .

218.    Defendant knowingly and intentionally paid and received kickbacks, gifts, money, or other consideration as a condition of service to a Medicaid recipient, in violation of Tex. Hum. Res. Code §.36.002(5).

219.    The State of Texas paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Texas, because of these acts by the Defendant.

## COUNT FORTY EIGHT
## VIOLATIONS OF TEXAS MEDICAID FRAUD PREVENTION LAW
### Tex. Hum. Res. Code § 36.002(9)

220.    Relator restates and realleges the allegations contained in Paragraphs 1-219 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

221.    The Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.002(9), specifically provides, in part, that a person commits an unlawful act if the person:

(8)    knowingly or intentionally enters into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another person in obtaining an unauthorized

- 54 -

payment or benefit from the Medicaid program . . . .

222.    Defendant knowingly and intentionally conspired to defraud the State of Texas by aiding another person in obtaining an unauthorized payment from the Medicaid program, in violation of Tex. Hum. Res. Code §.36.002(9).

223.    The State of Texas paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Texas, because of these acts by the Defendant.

## COUNT FORTY NINE
## VIOLATIONS OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. § 8.01-216.3(A)(1)

224.    Relator restates and realleges the allegations contained in Paragraphs 1-223 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

225.    The Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A)(1), specifically provides, in part, that any person who:

1. Knowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval;

. . .

shall be liable to the Commonwealth for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages sustained by the Commonwealth.

226.    Defendant knowingly presented or caused to be presented, to the Virginia Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of Va. Code Ann. § 8.01-216.3(A)(1).

- 55 -

227.    The Commonwealth of Virginia paid said claims and has sustained damages, to
the extent of its portion of Medicaid losses from Medicaid claims filed in Virginia, because of
these acts by the Defendant.

## COUNT FIFTY
## VIOLATIONS OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. § 8.01-216.3(A)(2)

228.    Relator restates and realleges the allegations contained in Paragraphs 1-227 above
as if each were stated herein in their entirety and said allegations are incorporated herein by
reference.

229.    The Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A)(2),
specifically provides, in part, that any person who:

2. Knowingly makes, uses or causes to be made or used, a false record or statement to

get a false or fraudulent claim paid or approved by the Commonwealth;

. . .

shall be liable to the Commonwealth for a civil penalty of not less than $5,000 and not

more than $10,000, plus three times the amount of damages sustained by the

Commonwealth.

230.    Defendant knowingly made, used and caused to made and used, false records and
statements to get false and fraudulent claims paid and approved by the Commonwealth of
Virginia, in violation of Va. Code Ann. §.8.01-216.3(A)(2).

231.    The Commonwealth of Virginia paid said claims and has sustained damages, to
the extent of its portion of Medicaid losses from Medicaid claims filed in Virginia, because of
these acts by the Defendant.

## COUNT FIFTY ONE
## VIOLATIONS OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. § 8.01-216.3(A)(3)

232.    Relator restates and realleges the allegations contained in Paragraphs 1-231 above

as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

233.    The Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A)(3),

specifically provides, in part, that any person who:

3. Conspires to defraud the Commonwealth by getting a false or fraudulent claim

allowed or paid;

. . .

shall be liable to the Commonwealth for a civil penalty of not less than $5,000 and not

more than $10,000, plus three times the amount of damages sustained by the

Commonwealth.

234.    Defendant conspired to defraud the Commonwealth of Virginia by getting false

and fraudulent claims allowed and paid, in violation of Va. Code Ann.§ 8.01-216.3(A)(3).

235.    The Commonwealth of Virginia paid said claims and has sustained damages, to

the extent of its portion of Medicaid losses from Medicaid claims filed in Virginia, because of

these acts by the Defendant.

## COUNT FIFTY TWO
## VIOLATIONS OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. § 8.01-216.3(A)(7)

236.    Relator restates and realleges the allegations contained in Paragraphs 1-235 above

as if each were stated herein in their entirety and said allegations are incorporated herein by

reference.

237.    The Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A)(7),

specifically provides, in part, that any person who:

> 3. knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Commonwealth;

> . . .

> shall be liable to the Commonwealth for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages sustained by the Commonwealth.

238.    Defendant knowingly made, used or caused to be made or used a false record or statement to conceal their actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid, in violation of Va. Code Ann.§ 8.01-216.3(A)(7).

239.    The Commonwealth of Virginia paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Virginia, because of these acts by the Defendant.

## PRAYERS FOR RELIEF

WHEREFORE, Relator Deborah Maguire, acting on behalf of and in the name of the United States of America and the State Plaintiffs, and on her own behalf, demands and prays that judgment be entered as follows against the Defendant under the Federal FCA counts and under pendent State FCA counts as follows:

(a)    In favor of the United States against the Defendant for treble the amount of damages to the Medicaid Program arising from Omnicare's kickback scheme, plus maximum civil penalties of Eleven Thousand Dollars ($11,000.00) for each false claim;

- 58 -

(b) In favor of the United States against the Defendant for disgorgement of the profits earned by Defendant as a result of its illegal scheme;

(c) In favor of the Relator for the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) to include reasonable expenses, attorney fees and costs incurred by Relator;

(d) For all costs of the Federal FCA civil action;

(e) In favor of the Relator and the United States for such other and further relief as this Court deems to be just and equitable;

(f) In favor of the Relator and the corresponding State plaintiffs against Defendant in an amount equal to three times the amount of damages that California, Delaware, District of Columbia, Florida, Hawaii, Illinois, Louisiana, Massachusetts, Nevada, New Mexico, Tennessee, and Virginia have sustained, respectively, as a result of the Defendant's actions, as well as a civil penalty against the Defendant of a statutory maximum for each violation of each State's FCA: Cal. Gov't Code § 12651; Del. Code Ann. Tit. 6, § 1201; D.C. Code § 2-308.14; Fla. Stat. § 68.082; Haw. Rev. Stat. § 661-21; 740 Ill. Comp. Stat. § 175/3; 46 La. Rev. Stat. c. 3, sec. 437.1 et seq., Mass. Gen. Laws Ch. 12, § 5B; Nev. Rev. Stat. § 357.040, Tenn. Code Ann. § 71-5-182; and Va. Code Ann. § 8.01-216.3;

(g) In favor of the Relator and the Plaintiff State of Texas against Defendant in an amount equal to two times the amount of damages that Texas has sustained as a result of the Defendant's actions, as well as a civil penalty against the Defendant of a statutory maximum for each violation of Tex. Hum. Res. Code § 36.002;

(i) In favor of the Relator for the maximum amount allowed pursuant to Cal. Gov't Code 12652(g); Del. Code Ann. Tit. 6, § 1205; D.C. Code § 2-308.14(f); Fla. Stat.

§ 68.085; Haw. Rev. Stat. § 661-27; 740 Ill. Comp. Stat. § 175/4(d); 46 La. Rev.

Stat. c. 3, sec. 437.1 et seq., Mass. Gen. Laws Ch. 12, § 5F; Nev. Rev. Stat. §§

357.210, 357.220, N.M. Legis 49 (2004) Chapter 4, Tenn. Code Ann. § 71-5-

183(c); Tex. Hum. Res. Code § 36.110, and Va. Code Ann. § 8.01-216.7;

(j)     In favor of the Relator for all costs and expenses associated with the pendent State

claims, including attorney's fees and costs; and

(a)     In favor of the State Plaintiffs and the Relator for prejudgment interest and all

such other relief as the Court deems just and proper.


PLAINTIFF/RELATOR DEMANDS A TRIAL BY JURY ON ALL COUNTS

Dated: June 21, 2005                          Respectfully submitted,

*Christopher B. Mead / RMT*

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036
(202) 331-3334


Robert M. Thomas, Jr.
(Mass. BBO #645600)
Rory H. Delaney
(Mass. BBO #655666)
*THOMAS & ASSOCIATES*
Federal Reserve Building
600 Atlantic Avenue, 12th Floor
Boston, MA 02210
(617) 371-1072

- 60 -